## Case No. 3,621.

### In re DAVIS.

[2 Sawy. 255;[1] 3 Bench & Bar (N. S.) 151.]

District Court, D. California. Oct. 20, 1872.

#### EXEMPTION IN BANKRUPTCY.

The bankrupt is entitled, under the proviso to the fourteenth section of the bankrupt act [of 1867 (14 Stat. 522)], to retain all his necessary household and kitchen furniture, of the kind and to the amount exempted by the law of the state from forced sale.

[In bankruptcy. In the matter of Erwin Davis.]

R. Thompson, for bankrupt.

H. C. Hyde, for assignee.

HOFFMAN, District Judge. Exceptions to the report of the register, designating and setting apart certain household and kitchen furniture for the use of the bankrupt. The question presented by the exceptions, is whether the necessary household and kitchen furniture to be set apart for the use of the bankrupt, under the proviso to the fourteenth section of the bankrupt act, is not to exceed in value the sum of five hundred dollars, or whether by a just construction of the proviso, there is excepted from the operation of the assignment, all necessary household and kitchen furniture, which, by the law of the state, is exempted from levy and sale on execution.

The language of the proviso is as follows: "Provided, however, that there shall be excepted from the operation of this section: The necessary household and kitchen furniture, and other articles and necessaries of such bankrupt as the said assignee shall designate and set apart, having reference in the amount to the family, condition and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of five hundred dollars; and also the wearing apparel of such bankrupt, and that of his wife and children; and the uniform, arms, and equipments of any person who is or has been a soldier in the militia, or in the review

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of the United States; and such other property not included in the foregoing exceptions as is exempted from levy and sale upon execution, or other process or order of any court, by the laws of the state in which the bankrupt has his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year eighteen hundred and sixty-four."

Under these provisions, it is insisted by the bankrupt, that he is entitled to retain all the property which, by the state laws, is exempt from levy and sale upon execution, and that as by the state law, all necessary household and kitchen furniture, without limitation of value, is so exempted, he is entitled to have set apart for him, all the articles set forth in his schedule, provided they are necessary household and kitchen furniture within the meaning of the state law.

On the part of the assignee, it is urged that the fourteenth section of the act provides for the exemption of household and kitchen furniture; that it limits the value of the furniture so exempted, to the sum of $500; and that the subsequent clause which adopts the exemption laws of the states, applies by its terms to "other property not included in the foregoing exceptions," i. e., to property other than household and kitchen furniture, which is included in, and is the subject of the exceptions referred to.

The general policy and intent of the bankrupt law indicated by the provisions above cited are obvious. The exemptions allowed by state laws are recognized and adopted, and the bankrupt is required to surrender to the assignee for equal distribution among his creditors such property and effects only as are by the law of his domicile liable for his debts. The framers of the law appear to have thought that the states were better able to determine each for itself what property of its citizens should be applicable by law, to the payment of their debts, than congress was to prescribe an invariable and universal rule.

There seems to be no good reason why creditors, when their debtor has become either a voluntary or involuntary bankrupt, should claim under the assignment which resembles, as Mr. Justice Cadwalader says, in Re Ruth [Case No. 12,172], a general execution for the equal benefit of them all, any other property than could by the law of the state be reached by an execution in favor of any one of them. Whatever doubts may have been entertained as to whether the adoption by congress of the various state exemption laws did not deprive the system of that uniformity which it was bound to establish, the intention of congress to adopt those laws has never, to my knowledge, been questioned.

By the law of this state there is exempted not only necessary household and kitchen furniture, but provisions for family use for three months, two cows with their sucking calves, and food for such cows for one month. There are also exempted, the farming utensils of the farmer, the tools of the mechanic, the instruments of the surgeon, dentist, surveyor and professor of music, and the libraries of physicians, attorneys, ministers of the gospel, editors, school-teachers and professors of music. All these exemptions are to be allowed irrespective of the value of the property.

It will be observed that the first clause of the proviso above cited does not refer exclusively to household and kitchen furniture. The property excepted is "necessary household and kitchen furniture, and such other articles and necessaries as the assignee shall designate, not exceeding in value five hundred dollars." If, therefore, the furniture exempted by state law is not to be allowed to the bankrupt because it is not "property other than and not included in the foregoing exceptions," almost all the other articles specifically exempted by the state law must also be disallowed, for they would fall within the description in the proviso of "other articles and necessaries." The state law would thus become practically inoperative, except as to personal property not exceeding five hundred dollars in value, and the manifest policy and intent of the act be defeated.

The construction of the act suggested by the bankrupt is therefore the only one which will give effect to its obvious intent, and at the same time do no violence to its language. The words "other property not included in the foregoing exceptions," may well be taken to mean property other than and not included among the articles set apart by the assignee under the first clause, and they will embrace all property, whether of the same or a different kind, which is by state law exempted from forced sales. Both clauses of the proviso thus receive a natural and consistent interpretation, and are allowed their appropriate effect.

My opinion, therefore, is that the bankrupt in the present case is entitled to retain all his necessary household and kitchen furniture of the kind, and to the amount exempted by the state law from forced sale. As the question whether all the articles enumerated in the schedule of the bankrupt are exempted by the law of the state from forced sale, was not argued by the assignee, an opportunity will be given him to file such exceptions to their allowance as he may be advised.